ENTERED
04/01/2020

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WHITING PETROLEUM CORPORATION, *et al.*,[1] | Case No. 20-32021 (DRJ) |
| | (Joint Administration Requested) |
| Debtors. | **Re: Docket No. 6** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order"): (a) authorizing the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses and (ii) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C §157(b); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Whiting Canadian Holding Company Unlimited Liability Corporation (3662); Whiting Petroleum Corporation (8515); Whiting US Holding Company (2900); Whiting Oil and Gas Corporation (8829); and Whiting Resources Corporation (1218). The location of the debtors' service address is: 1700 Lincoln Street, Suite 4700, Denver, Colorado 80203.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on May 6, 2020, at 11:00 a.m., prevailing Central Time. Any objections or responses to entry of the Final Order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on April 27, 2020. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Debtors are authorized on an interim basis to continue and/or modify the Employee Compensation and Benefits in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices, and, in the Debtors' discretion, on an interim basis, to pay and honor prepetition amounts related thereto; *provided* that, pending entry of the Final Order, the Debtors shall not honor any Employee Compensation and Benefits obligations that exceed the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code and shall not pay any prepetition amounts on account of Expense Reimbursements that exceed the priority

amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. The Debtors will provide notice to the United States Trustee and any statutory committee of any changes to the Employee Compensation and Benefits or new programs, policies, and benefits.

4. Before making any payments under the Non-Insider Severance Program in excess of (y) $100,000 in the aggregate in any calendar month or (z) $50,000 to any individual, the Debtors shall provide five (5) days' advance notice to the U.S. Trustee and any statutory committee of (a) the title of the Claimant, (b) the amount of the payment to such Claimant, and (c) the proposed payment date. The Debtors shall maintain a matrix, schedule, or other summary of amounts paid related to the Non-Insider Severance Program subject to the terms and conditions of this Interim Order, including the following information: (a) the name of the Claimant paid; (b) the amount of the payment to such Claimant; (c) the total amount paid to the Claimant to date; (d) the category of Claimant, as further described and classified in the Motion; (e) the payment date; and (f) the purpose of such payment. The Debtors shall provide a copy of such matrix, schedule, or other summary to the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases every 30 days beginning upon entry of this Interim Order.

5. Nothing herein shall be deemed to authorize the payment of any amounts which violates or implicates section 503(c) of the Bankruptcy Code, *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

6. Pursuant to section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program, and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business; and (b) the notice

requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program and any such claims must be pursued in accordance with the applicable Workers' Compensation Program. Payment on account of any recoveries obtained in connection with a claim brought pursuant to this paragraph is limited to the terms and conditions of the applicable Workers' Compensation Program, including with regard to any policy limits or caps.

7. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim, interest, or lien against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim, interest, or lien on any grounds; (c) a promise or requirement to pay prepetition claims; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) an implication or admission that any particular claim, interest, or lien is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (f) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition

fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

10. Notwithstanding anything to the contrary herein, all disbursements made hereunder shall be subject to the requirements imposed on the Debtors under the cash collateral order (whether interim or final, the "Cash Collateral Order") and the Budget (as defined therein) as approved from time to time in accordance with the terms thereof. In the event of any inconsistency between the terms of this Interim Order and the Cash Collateral Order or the Budget, the terms of the Cash Collateral Order and the Budget shall govern.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Signed: April 01, 2020.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**